## NOAH CLOUD *v.* C. L. WHITLOW, Administrator.

The deceased had sold a tract of land to the plaintiff, for which he had no title, the same being public land of the United States. The land was subsequently entered by a third person. Action was brought against the administrator for the price paid by the plaintiff, and for the value of improvements as damages. *Held:* The plaintiff could only recover the price he had paid, with interest from judicial demand.

CLOUD
*v.*
WHITLOW.

APPEAL from the District Court of Bienville, *Bullard*, J. *Collingsworth* and *Tanner*, for plaintiff. *A. Lawson*, for defendant. The judgment of the court was pronounced by

PRESTON, J. The plaintiff claims one hundred dollars for the price of land sold to the deceased, *John M. Fouts*, and four hundred dollars damages. *Fouts* made with him the following agreement : " July 4th, 1844. State of Louisiana, Parish of Claiborne. Be it known to all men, that I, *John M. Fouts*, do this day bargain, sell, and promise to' convey to *Noah Cloud*, forty acres of land, being on the east side of the Saline Bayou, section twenty, township twelve, range four, being called McCalley's old place. The deed of conveyance to be made at the last payment to the said tract of land, by the said *Fouts*, or his heirs or assigns, to the said *Cloud*, or his heirs or assigns, for the consideration of one hundred dollars ; one note on *James Sims*, for forty dollars, endorsed by the said *Noah Cloud* to the said *J. M. Fouts*, payable January 1st, 1845 ; one note on *Noah Cloud*, for sixty dollars, with eight per cent interest from this date until paid, payable the 1st January, 1846; the said parcel of land lying in the parish of Natchitoches. Signed, *J. M. Fouts, Noah Cloud, David C. Fouts Mariah T. Whitton.*"

*Fouts* possessed and delivered the McCalley place to the plaintiff; but, it appears, had never obtained the title of the United States to the land, and failed to do so until his death. It was entered by one *Lewis*, who sold to *Beaver*, to whom the plaintiff gave it up on receiving one hundred dollars for his improvements on the place, or adjacent thereto. It appears, moreover, that the McCalley place was not in the range of land in which the agreement, between the parties, described the land to be sold as situated.

The improvements made by the plaintiff, with those existing at the time he purchased, were estimated at four hundred dollars. The estate of *Fouts* is not liable for the value of those improvements, but only for the price he received for the land, the title to which he sold, and did not make good. The plaintiff might have secured the improvements made by himself, and those purchased from *Fouts*, by entering the lands himself, at an expense of fifty dollars. On which account, there is the less reason for allowing damages beyond the price received by the deceased for his agreement to convey land.

The error in the location would, probably, have been corrected, and the title made good, if demanded in the lifetime of *Fouts*, and especially before the payment of the last note, as agreed between the parties. There appears to have been error and negligence on both sides, and the only rule we can apply, is the general one, that the vendor is liable, in case of eviction without bad faith, to refund the price received for the land and costs.

The judgment of the district court is therefore reversed; and it is decreed, that the plaintiff recover from the defendant, one hundred dollars, with interest from the judicial demand, and costs in the district court ; the appellee to pay the costs of the appeal.